McKOOL SMITH HENNIGAN, P.C.
RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
ROBERT E. ALLEN (SBN 166589)
rallen@mckoolsmithhennigan.com
LAWRENCE M. HADLEY (SBN 157728)
ldadley@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)
ablock@mckoolsmithhennigan.com
865 S. Figueroa St., Suite 2900
Los Angeles, CA 90017
T: (213) 694-1200; F: (213) 694-1234

MILLER LAW LLC
MARVIN A. MILLER (*pro hac vice* application pending)
mmiller@millerlawllc.com
ANDREW SZOT (*pro hac vice* application pending)
aszot@millerlawllc.com
KATHLEEN BOYCHUCK (*pro hac vice* application pending)
kboychuck@maillerlawllc.com
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
T: (312) 332-3400; F: (312) 676-2676

Attorneys for Plaintiff
ABS ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABS ENTERTAINMENT, INC., an Arkansas corporation, each individually and on behalf of all others similarly situated. <br><br> Plaintiff, <br><br> v. <br><br> CUMULUS MEDIA INC., a Delaware corporation; CUMULUS BROADCASTING LLC, a Nevada limited liability company; and DOES 1 through 10, <br><br> Defendants. | Case No. 2:15-cv-6269 <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. **VIOLATION OF CALIFORNIA CIVIL CODE § 980(a)(2);** <br> 2. **MISAPPROPRIATION;** <br> 3. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; and** <br> 4. **CONVERSION.** <br><br> **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1116419v1

Plaintiff, ABS Entertainment, Inc. ("ABS") ("Plaintiff"), individually and on behalf of all other similarly situated owners of sound recordings, hereby complains and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a class action on behalf of owners of sound recordings to obtain injunctive relief and monetary damages sustained by Plaintiff and the Class because the Defendants have delivered music content through broadcast radio channels, HD radio channels, the Internet and mobile devices without consent of or licenses from the Plaintiff and the Class. As a result of their pernicious, improper and illegal conduct, Defendants have reaped hundreds of millions of dollars that rightfully belong to Plaintiff and the Class.

2. Defendant Cumulus Media Inc. (through itself and its subsidiaries, including Cumulus Broadcasting LLC) (collectively, "Cumulus") is one of the leading operators in the United States of media and entertainment services via broadcast and digital delivery. Specifically, Cumulus delivers music content through broadcast (AM and FM) radio channels, the Internet and its stations' websites, and through one or more Cumulus mobile applications on smart phones, tablets and consoles. According to Cumulus, as of December 31, 2014, it owned approximately 460 domestic radio stations, servicing about 90 U.S. media markets, including 8 of the top 10 markets. (Delivery by Cumulus of musical content through AM and FM radio stations shall hereafter be described as the "Broadcast Service"). Many of its stations in the Broadcast Service are the most popular music stations in the applicable market, including in Los Angeles, where Cumulus owns and operates 95.5 KLOS.

3. Cumulus also streams to listeners the digital simulcast of the sound recordings being performed on its radio stations through the Internet and mobile application. (Delivery by Cumulus of musical content through the Internet shall

hereafter be described as the "Internet Service"). The Broadcast Service and the Internet Service are sometimes referred to collectively as the "Music Service."

4. Cumulus has not obtained performance rights licenses or paid public performance royalties to copyright owners of sound recordings of musical performances that initially were fixed (*i.e.*, recorded) prior to February 15, 1972 ("Pre-1972 Recordings"). Sound recordings initially fixed on or after February 15, 1972 are subject to federal copyright protection under the United States Copyright Act and are not the subject of this lawsuit.

5. Pre-1972 recordings comprise the historical backbone of the music industry. From Tin Pan Alley to the Big Band era to the Summer of Love, those recordings have defined generations and include the recordings of legendary artists such as Al Green, Elvis Presley, Frank Sinatra, The Turtles and The Beatles.

6. Cumulus understands the value of Pre-1972 Recordings to its Music Service but has ignored the obligation to obtain licenses to exploit those recordings. Instead, Cumulus has chosen to copy tens of thousands of Pre-1972 Recordings to its servers and to transmit, copy, perform, broadcast and stream them to its millions of users on a daily basis without any authorization. By selling advertisements and through other means, Cumulus profits handsomely from its exploitation of Pre-1972 Recordings.

7. Because Cumulus has chosen to operate the Music Service without licenses for Pre-1972 Recordings, Cumulus is now liable under California law for violation of California Civil Code § 980(a)(2), misappropriation, violation of California Business & Professions Code § 17200, and conversion for its unauthorized reproduction, distribution, and public performance of those recordings.

## THE PARTIES

8. ABS is a corporation duly organized and existing under the laws of Arkansas, with its principal place of business in West Memphis, Arkansas.

9. Through a series of transactions, ABS acquired the exclusive ownership in the sound recordings of Al Green, Willie Mitchell, Ann Peebles, Syl Johnson, Otis Clay, Bill Black Combo, and O.V Wright, a representative sample of the titles of which are specified on the attached Schedule "A" and incorporated herein by reference (the "Recordings").

10. Plaintiff has been and continues to be engaged in the business of distributing, selling, and/or licensing the reproduction, distribution, sale, and performance of the Recordings including in records, audiovisual works, and for streaming (*i.e.*, performing) and downloading over the Internet.

11. Cumulus Media Inc. is a corporation duly organized and existing under the laws of Delaware, with its principal place of business in Atlanta, Georgia. Cumulus Media Inc. is the parent company of Cumulus Broadcasting LLC, and owns and operates the Music Service, which broadcasts music to its listeners and delivers high quality streams of music to its users.

12. Cumulus Broadcasting LLC is a limited liability company duly organized and existing under the laws of Nevada, with its principal place of business in Atlanta, Georgia. Cumulus Broadcasting LLC is a wholly-owned subsidiary of Defendant Cumulus Media Inc.

13. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when such have been ascertained. Upon information and belief, each of the Doe Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such Defendants' acts or omissions.

14. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this Complaint, Cumulus and each of the Doe Defendants was the agent

of each other and, in doing the things alleged in this Complaint, was acting within the course and scope of such agency.

## JURISDICTION AND VENUE

15. Jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5 million (exclusive of interest and costs), it is a class action in which a member of a Class (defined in paragraph 24 below) is a citizen of a State different from Cumulus, and the number of members of the proposed Class exceeds 100.

16. This Court has personal jurisdiction over Cumulus because: (a) Cumulus is engaged in a continuing course of tortious conduct in California by publicly performing, reproducing, and distributing Pre-1972 Recordings within the State of California including, without limitation, through its broadcasting on its 58 owned and operated radio stations in California; and (b) Cumulus's conduct causes injury to Plaintiff and the Class and their intellectual property in California.

17. Venue in this District exists pursuant to 28 U.S.C. § 1391(b) and (c) because Cumulus is subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District. Specifically, Cumulus owns and operates at least 10 radio stations in the Central District of California that broadcast music to California residents and digitally simulcasts the transmissions of at least 50 radio stations from the Central District of California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18. Cumulus provides the Broadcast Service to members of the public in California and elsewhere, and broadcasts sound recordings through numerous radio stations throughout California, including, without limitation, the following:

(a) <u>Fresno</u>: (i) KSKS – 93.7 FM; (ii) KMGV – 97.9 FM; and (iii) KWYE – 101.1 FM;

(b) <u>Los Angeles:</u> KLOS – 95.5 FM;

(c) <u>Modesto/Stockton:</u> (i) KATM – 103.3 FM; (ii) KHKK – 104.1 FM; (iii) KHOP – 95.1 FM; (iv) KJOY – 99.3 FM; (v) KWIN – 97.7 FM; and (vi) KWNN – 98.3 FM;

(d) <u>Oxnard/Ventura:</u> (i) KVYB – 103.3 FM; (ii) KBBY – 95.1 FM; (iii) KHAY – 100.7 FM; and (iv) KRRF – 106.3 FM; and

(e) <u>San Francisco/San Jose:</u> (i) KFOG – 104.5 FM; (ii) KSJO – 92.3 FM; (iii) KFFG – 97.7 FM; and (iv) KSAN – 107.7 FM.

Among the sound recordings that Cumulus publicly performs, reproduces and distributes through the Broadcast Service are the Recordings.

19. The Internet Service is provided by Cumulus to members of the public in California and elsewhere, and delivers and streams (and licenses others to deliver and stream) music through its station's websites, and through smart phones and tablets through its downloadable Android and iOS Apps. Among the sound recordings that Cumulus publicly performs, reproduces, and distributes through the Internet Service are the Recordings.

20. Cumulus understands that having a vast and complete range and array of music is critical to the success of any music service, which is why Pre-1972 Recordings constitute a significant part of the Music Service. Through the Internet Service, Cumulus offers and advertises live radio simulcast, which allows a user to select and listen to the live audio simulcast of hundreds of radio stations throughout the United States, inclusive of radio stations owned by Cumulus. Many of these radio stations are dedicated to Pre-1972 Recordings. Cumulus promotes these stations in order to establish and increase its user base, popularity, and revenue.

21. Plaintiff is informed and believes, and on that basis alleges, that in order to populate the Music Service's databases and in order to broadcast and stream musical recordings to the public, Cumulus has reproduced and copied and continues to

reproduce and copy Pre-1972 Recordings to one or more servers and storage devices, and uses technology or systems that results in one or more copies of Pre-1972 Recordings being distributed to its users' computers or storage devices.

22. Cumulus knows that it does not have any license, right, or authority to reproduce, perform, distribute or otherwise exploit *via* the Music Service any Pre-1972 Recordings (including the Recordings). Cumulus also knows which of the recordings its reproduces, performs, distributes or otherwise exploits *via* the Music Service are Pre-1972 Recordings.

23. Cumulus's entire business is built around selling access to music and selling the music. Cumulus delivers audio advertisements to its users in between songs and displays (through the Internet Service, including mobile apps) visual ads while music is playing.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action, pursuant to Fed. R. Civ. P. 23, on behalf of itself individually and on behalf of all other similarly situated owners of Pre-1972 recordings, which recordings were reproduced, performed, distributed or otherwise exploited by Cumulus via the Music Service in California. The proposed Class is comprised of and defined as follows:

> All owners of sound recordings of musical performances that initially were "fixed" (*i.e.,* recorded) prior to February 15, 1972, which sound recordings were reproduced, performed, distributed and/or otherwise exploited by Cumulus *via* any form or method of delivery or storage (*e.g.*, terrestrial broadcast, Internet, computer, server, etc.) in California (the "Class").

25. This action may be properly brought and maintained as a class action because there is a well-defined community of interest in the litigation and the members of the proposed Class are clearly and easily ascertainable and identifiable.

26. The Class for whose benefit this action is brought is so numerous and geographically dispersed that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that there are hundreds or thousands of members of the Class whose identity can be readily ascertained from third party, music industry sources and from Cumulus's database files and records. Therefore, the Class can be readily located and notified of this action.

27. Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the Class it seeks to represent. Plaintiff and all members of the Class have sustained actual pecuniary loss and face irreparable harm arising out of Cumulus's continued course of conduct as complained of herein.

28. Plaintiff does not have any interests that are adverse to, or which conflict with, the interests of the absent members of the Class and it is able to fairly and adequately represent and protect the interests of such Class. Plaintiff has raised viable statutory, misappropriation, unfair business practices, and conversion claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. Plaintiff is represented by experienced, qualified and competent counsel, who are experienced in complex commercial litigation, class action procedures, and the legal subject matter of this dispute. Plaintiff and their counsel are committed to prosecuting this action vigorously.

29. Common questions of fact or law exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal or factual questions, include but are not limited to, the following:

(A) Whether Cumulus reproduced, performed, distributed or otherwise exploited via the Music Service Pre-1972 Recordings in California;

(B) Whether Cumulus's reproduction, performance, distribution or other exploitation via the Music Service of Pre-1972 Recordings in California

constitutes a violation of California Civil Code § 980(a)(2);

  (C) Whether Cumulus's reproduction, performance, distribution or other exploitation via the Music Service of Pre-1972 Recordings in California constitutes an unfair business practice in violation of California Business & Professions Code § 17200;

  (D) Whether Cumulus's reproduction, performance, distribution or other exploitation via the Music Service of Pre-1972 Recordings in California constitutes misappropriation;

  (E) Whether Cumulus's reproduction, performance, distribution or other exploitation via the Music Service of Pre-1972 Recordings in California constitutes conversion;

  (F) The basis and method for determining and computing damages and/or restitution and disgorgement;

  (G) Whether, pursuant to California Civil Code § 3294, Cumulus is guilty of oppression, fraud, or malice thereby entitling the members of the Class to an award of punitive damages; and

  (H) Whether Cumulus's conduct is continuing thereby entitling the members of the Class to injunctive or other relief.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all class members is impracticable. Thus, for the vast majority of the members of the Class, the expense and burden of individual litigation would not justify pursuing the claims individually. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual similar litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to

the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action presents few, if any, management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class. Plaintiff does not anticipate any difficulty in the management of this action as a class action.

## FIRST CLAIM FOR RELIEF

**(For Violation of California Civil Code § 980(a)(2) Against All Named Defendants and Does 1 through 10)**

31. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 30 above, as though fully set forth herein.

32. Pursuant to California Civil Code § 980(a)(2), Plaintiff and the members of the Class possess exclusive ownership interests in and to the Pre-1972 Recordings, including the artistic performances embodied in those recordings.

33. Through its unauthorized reproduction, performance, distribution, or other exploitation via the Music Service of Pre-1972 Recordings (including the Recordings) in California, Cumulus has infringed the exclusive ownership interests in and to the Pre-1972 Recordings in violation of California Civil Code § 980(a)(2).

34. As a direct and proximate consequence of Cumulus's violation of California Civil Code § 980(a)(2), Cumulus has received and retained money and value that rightfully belongs to Plaintiff and the members of the Class.

35. As a direct and proximate consequence of Cumulus's violation of California Civil Code § 980(a)(2), Plaintiff and the Class have been damaged in an amount that is not as yet fully ascertained but which Plaintiff will ascertain and present through competent evidence at trial, but which is no less than $5 million.

36. Cumulus's conduct is causing, and unless enjoined and restrained by this Court will continue to cause Plaintiff and the Class great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff and each member of the

Class do not have an adequate remedy at law. Plaintiff and each member of the Class are entitled to temporary, preliminary and permanent injunctions, prohibiting further violation of the ownership interests of Plaintiff and each member of the Class in the Pre-1972 Recordings.

## SECOND CLAIM FOR RELIEF

**(For Misappropriation Against All Named Defendants and Does 1 Through 10)**

37. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 30 above, as though fully set forth herein.

38. Pursuant to California Civil Code § 980(a)(2) and California common law, Plaintiff and the Class possess exclusive ownership interests in and to the Pre-1972 Recordings, including the artistic performances embodied in those recordings.

39. Plaintiff and its predecessors in interest invested substantial time and money in developing the Recordings.

40. Because Cumulus does not obtain licenses, it does not incur any of the costs that a licensee is otherwise obligated to pay in order to reproduce, perform, distribute or otherwise exploit via the Music Service Pre-1972 Recordings (including the Recordings).

41. Cumulus has misappropriated, and continues to misappropriate, for its own commercial benefit, the exclusive ownership interests in and to the Pre-1972 Recordings reproducing, performing, distributing or otherwise exploiting via the Music Service Pre-1972 Recordings (including the Recordings).

42. As a direct and proximate consequence of Cumulus's misappropriation, Cumulus has received and retained money and value that rightfully belongs to Plaintiff and the Class.

43. As a direct and proximate consequence of Cumulus's misappropriation, Plaintiff and the Class have been damaged in an amount that is not as yet fully

ascertained but which Plaintiff will ascertain and present through competent evidence at trial.

44. Plaintiff is informed and believes, and on that basis alleges, that in engaging in the conduct described herein, Cumulus acted with oppression, fraud and/or malice. Cumulus's conduct has been despicable and undertaken in conscious disregard of the rights of Plaintiff and the Class. Accordingly, Plaintiff and the Class are entitled to an award of punitive damages against Cumulus in an amount sufficient to punish and make an example of it.

45. Cumulus's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiff and the Class great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff and the Class do not have an adequate remedy at law. Plaintiff and the Class are entitled to temporary, preliminary and permanent injunctions, prohibiting further violation of the ownership interests of Plaintiff and the Class in the Pre-1972 Recordings.

### THIRD CLAIM FOR RELEIF

### (For Unfair Business Practices Against All Named Defendants and Does 1 Through 10)

46. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 30 above, as though fully set forth herein.

47. Pursuant to California Civil Code § 980(a)(2) and California common law, Plaintiff and the Class possess exclusive ownership interests in and to the Pre-1972 Recordings, including the artistic performances embodied in those recordings.

48. Cumulus's conduct in reproducing, performing, distributing, or other exploitation via the Music Service Pre-1972 Recordings (including the Recordings) constitutes a misappropriation of the property rights of the Plaintiff and the Class in the Pre-1972 Recordings and a violation of California Civil Code § 980(a)(2).

49. By misappropriating the property rights of the Plaintiff and each member of the Class in the Pre-1972 Recordings and by violating California Civil Code § 980(a)(2), Cumulus has engaged in unfair business practices in violation of California Business & Professions Code § 17200.

50. As a direct and proximate consequence of its violation of California Business & Professions Code § 17200, Cumulus has received and retained money and value that rightfully belongs to Plaintiff and the Class.

51. As a direct and proximate result of Cumulus's conduct, Plaintiff and each member of the Class are entitled to restitution and disgorgement under California Business & Professions Code § 17200 in an amount that is not as yet fully ascertained but which Plaintiff will ascertain and present through competent evidence at trial.

52. Plaintiff is informed and believes, and on that basis alleges, that in engaging in the conduct described herein, Cumulus acted with oppression, fraud and/or malice. The conduct of Cumulus has been despicable and undertaken in conscious disregard of the rights of Plaintiff and the Class. Accordingly, Plaintiff and the Class are entitled to an award of punitive damages against Cumulus in an amount sufficient to punish and make an example of it.

53. Cumulus's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff and the Class great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff and the Class do not have an adequate remedy at law. Plaintiff and the Class are entitled to temporary, preliminary and permanent injunctions, prohibiting further violation of the ownership interests of Plaintiff and the Class in the Pre-1972 Recordings.

## FOURTH CLAIM FOR RELIEF

**(For Conversion Against All Named Defendants and Does 1 Through 10)**

54. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 30 above, as though fully set forth herein.

55. Pursuant to California Civil Code § 980(a)(2) and California common law, Plaintiff and the Class possess exclusive ownership interests in and to the Pre-1972 Recordings, including the artistic performances embodied in those recordings.

56. By reproducing, performing, distributing or otherwise exploiting via the Music Service Pre-1972 Recordings (including the Recordings), Cumulus has converted for its own use Plaintiff's and the Class's property rights in the Pre-1972 Recordings and has dispossessed each of their of property rights.

57. As a direct and proximate consequence of its conversion, Cumulus has received and retained money and value that rightfully belongs to Plaintiff and the Class.

58. As a direct and proximate consequence of Cumulus's conversion, Plaintiff and the Class have been damaged in an amount that is not as yet fully ascertained but which Plaintiff will ascertain and present through competent evidence at trial.

59. Plaintiff is informed and believes, and on that basis alleges, that in engaging in the conduct described herein, Cumulus acted with oppression, fraud and/or malice. Cumulus's conduct has been despicable and undertaken in conscious disregard of the rights of Plaintiff and each member of the Class. Accordingly, Plaintiff and the Class are entitled to an award of punitive damages against Cumulus in an amount sufficient to punish and make an example of it.

60. Cumulus's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff and the Class great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff and the Class do not have an adequate remedy at law. Plaintiff and the Class are entitled to temporary, preliminary and permanent injunctions, prohibiting further violation of the ownership interests of Plaintiff and the Class in the Pre-1972 Recordings.

## **PRAYER**

WHEREFORE, Plaintiff, on behalf of themselves and all other members of the Class, pray for Judgment against Cumulus and the Doe defendants, and each of them, as follows:

A. Determining that this is a proper class action maintainable pursuant to Rule 23 of the Federal Rules Civil Procedure, and certifying Plaintiff as a Class Representative, and appointing Plaintiff's counsel as Class Counsel.

B. On all claims other than the Third, compensatory damages in excess of $5 million according to proof.

C. On the third claim, restitution and disgorgement of Cumulus's unlawful proceeds and revenues, including Cumulus's gross profits, in excess of $5 million.

D. On all claims other than the first, punitive and exemplary damages according to proof at trial.

E. On all claims, a temporary, preliminary, and permanent injunction enjoining and restraining Cumulus, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, from infringing, misappropriating, or converting, directly or indirectly, in California the exclusive ownership interests in and to the Pre-1972 Recordings, including the artistic performances embodied in those recordings, including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of the Pre-1972 Recordings, via the Music Service or otherwise.

F. On all claims, pre- and post-judgment interest.

G. For such fees and costs (including reasonable attorneys' fees) incurred herein as permitted by law.

H.  For such other and further relief as the Court deems just and proper.

DATED: August 17, 2015

McKOOL SMITH HENNIGAN, P.C.
MILLER LAW LLC

By: _____/s/ Robert E. Allen_____
Robert E. Allen
Attorneys for Plaintiff
ABS ENTERTAINMENT. INC.

## DEMAND FOR JURY TRIAL

Plaintiff, ABS ENTERTAINMENT, INC., demands a trial by jury of the claims for relief so triable as alleged in this Complaint.

DATED: August 17, 2015

McKOOL SMITH HENNIGAN, P.C.
MILLER LAW LLC

By: ____/s/ Robert E. Allen____
Robert E. Allen
Attorneys for Plaintiff
ABS ENTERTAINMENT. INC.

1116419v1

Schedule A

**Representative Sampling of Plaintiff's Pre-1972
Sound Recordings Infringed**

| Artist | Title |
|---|---|
| Ace Cannon | Tuff |
| Ace Cannon | Bllues (Stay Away From Me) |
| Ace Cannon | Cotton Fields |
| Ace Cannon | Searchin |
| Al Green | Want to Hold Your Hand |
| Al Green | One Woman |
| Al Green | You Say It |
| Al Green | Right Now, Right Now |
| Al Green | I Can't Get Next To You |
| Al Green | Driving Wheel |
| Al Green | Tired of Being Alone |
| Al Green | Let's Stay Together |
| Ann Peebles | Walk Away |
| Ann Peebles | Give Me Some Credit |
| Ann Peebles | Generation Gap Between Us |
| Ann Peebles | Part Time Love |
| Ann Peebles | I Pity The Fool |
| Bill Black Combo | Smokie, Part 2 |
| Bill Black Combo | White Silver Sands |
| Bill Black Combo | Josephine |
| Bill Black Combo | Don't Be Cruel |
| Bill Black Combo | Blue Tango |
| Bill Black Combo | Hearts of Stone |
| Bill Black Combo | Ole Buttermilk Sky |
| Bill Black Combo | Movin |
| Bill Black Combo | Twist Her |
| Bill Black Combo | Do It - Rat Now |
| Bill Black Combo | Money Shine |
| Otis Clay | That's How It Is (When You're In Love |
| Otis Clay | A Lasting Love |
| Otis Clay | She's About A Mover |

| | |
|---|---|
| O.V. Wright | You're Gonna Make Me Cry |
| O.V. Wright | Eight Men, Four Women |
| O.V. Wright | Heartaches, Heartaches |
| O.V. Wright | Oh Baby Mine |
| O.V. Wright | I'll Take Care of You |
| O.V. Wright | Ace of Spades |
| O.V. Wright | When You Took Your Love From Me |
| O.V. Wright | A Nickel and a Nail |
| Syl Johnson | Come On Sock It To Me |
| Syl Johnson | Different Strokes |
| Syl Johnson | Dresses Too Short |
| Syl Johnson | Is It Because I'm Black |
| Syl Johnson | Concrete Reservation |
| Syl Johnson | One Way Ticket to Nowhere |
| Syl Johnson | Get Ready |
| Wilie Mitchell | 20-75 |
| Wilie Mitchell | Percolatin |
| Wilie Mitchell | Buster Browne |
| Wilie Mitchell | Bad Eye |
| Wilie Mitchell | Slippin' and Slidin' |
| Wilie Mitchell | Soul Serenade |
| Wilie Mitchell | Prayer Meetin' |
| Wilie Mitchell | 30-60-90 |
| Wilie Mitchell | My Babe |